[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the Family Support Magistrate's denial on April 23, 1998 of the appellant's motion to modify child support.
The appellant, Dwayne Nelson, was divorced from Cynthia Nelson on September 17, 1991. That dissolution action had been filed in December of 1988. While the divorce was pending, the State brought a support petition dated November 6, 1990. Apparently as a result of that support petition the defendant was paying $15 per week to the State on September 17, 1991. (Transcript, September 17, 1991 p. 6.)
At the time of the dissolution Judge Potter made no child support order. He stated:
 "The court makes no finding or order of support at this time, but the absence of any support is made without prejudice to the rights of the State of Connecticut . . . and may well ask to be heard at some future time."
(Transcript, September 17, 1991 p. 5.)
After a discussion about the existing $15 per week Judge Potter stated
 "I didn't mean to say I was ordering no order, I meant to say I was making no order at this time and I will continue ever rights at the state may have, the question of support for Allison. I make no orders, however, with regard to health insurance at this time.
(Transcript, September 17, 1991 p-6.)
There is no evidence that the Superior Court ever revisits the issue.
Faced with the foregoing facts the Magistrate relying on § 46b-231(q) decided the dissolution proceeding was CT Page 9676 superseding and controlling on the filing of the appellant's motion to modify.
As the Magistrate accurately pointed out § 46b-231(q) provides in pertinent part
 "When an order for child . . . support has been entered by the Superior Court . . . such order shall supersede any previous order entered by a family support magistrate . . . .
After a review of the transcript before Judge Potter of the hearing of September 17, 1991, and the transcript before Magistrate Matasavage of the hearing on April 23, 1998, the court finds that the Superior Court, i.e., Judge Potter, did not enter an "order for child or spousal support. To the extent that the magistrate found that such an order has been entered, this court holds such finding "erroneous in view of the reliable, probative, and substantial evidence on the whole record". § 46b-231(n)(7).
The court reverses the decision of the family support magistrate and remands the case for further proceeding.
Booth, J.